UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUTITIA NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-946(CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff, who proceeds *pro se*, has not opposed the motion and the time allowed for doing so has expired.

### I. Background

On March 10, 2009, agents from the Drug Enforcement Administration (DEA) seized a 1970 Pontiac GTO, believing that the vehicle had been purchased with proceeds from drug transactions carried out by plaintiff's husband, Johnny Nelson. Following the seizure, the United States filed a civil forfeiture action against the vehicle.[1] Although the plaintiff received notice of the forfeiture action, she did not respond or file a claim. On May 10, 2010, default judgment was entered the vehicle was forfeited to the United States. Plaintiff now alleges that the vehicle was wrongfully seized by the DEA. She brings this action in replevin to recover possession of the automobile or, alternatively, damages in the amount of the vehicle's value.

### II. Discussion

---

[1] United States of America v. One 2006 Dodge Charger, VIN 2B3KA53H66H283482, et. al., Case No: 4:09-CV-955 (CDP).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, is the exclusive means by which the plaintiff's may assert a common law tort claim (such as replevin) against the United States. The FTCA provides that before filing a lawsuit, a plaintiff must exhaust administrative remedies by presenting her claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if a plaintiff fails to satisfy the exhaustion prerequisite of § 2675(a). See Burks v. Veterans Administration Medical Center, 975 F.2d 866 (8th Cir. 1992)(declining to exercise jurisdiction because plaintiff had not administratively exhausted his claim under §2675(a) ).

Here, plaintiff has not alleged or otherwise shown that she has presented her claim to the appropriate federal agency before filing this action. Moreover, the United States has submitted evidence that plaintiff never filed a claim or a petition with the DEA regarding the seizure of the vehicle. Because plaintiff failed to exhaust administrative remedies as required by § 2675(a), this action must be dismissed for lack of subject matter jurisdiction. The Court finds it unnecessary to determine whether the complaint should be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. # 5] is granted.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2010.